1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN A. UNRUH,

        Plaintiff,

        v.

MERCK & CO., INC.
a New Jersey corporation,

        Defendant.

NO. C07-5314 FDB

DEFENDANT MERCK & CO., INC.'S
OPPOSITION TO PLAINTIFF'S
VOLUNTARY NOTICE OF DISMISSAL
WITHOUT PREJUDICE, OR IN THE
ALTERNATIVE, MOTION TO VACATE
DISMISSAL

## I. RELIEF REQUESTED

Defendant Merck & Co., Inc. ("Merck") opposes plaintiff's voluntary notice of dismissal without prejudice. (Docket, at #3)[1]. Alternatively, Merck asks the Court to vacate plaintiff's notice of voluntary dismissal. Plaintiff's counsel is not admitted *pro hac vice* and have not associated with local counsel in this district under GR 2(d), and as such, the voluntary dismissal pleading filed is invalid under Fed. R. Civ. P. 11 and CR 10. The Court should therefore disregard plaintiff's motion for voluntary dismissal unless and until plaintiff's counsel is admitted *pro hac vice* or associates with local counsel pursuant to GR 2(d).

---

[1] This pleading was filed on or about July 16, 2007, and entered by the court on the docket on or about July 25, 2007.

DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S VOLUNTARY NOTICE OF DISMISSAL WITHOUT
PREJUDICE, OR IN THE ALTERNATIVE, MOTION TO VACATE
DISMISSAL- 1
(C07-5314 FDB)

2078416.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    This case has been included on a Conditional Transfer Order to be transferred to *In re*

2    *Fosamax Products Liability Litigation*, MDL 1789. Accordingly, Merck asks that the Court

3    not sign an order dismissing this case that would prevent the proper transfer of this case to

4    MDL 1789.

## II. ARGUMENT

A.    Procedural History.

7    On or about June 25, 2007, plaintiff initiated this action in the above-entitled Court

8    against Merck arising out of alleged injuries involving plaintiff's use of the medication

9    FOSAMAX®, manufactured by Merck. (Docket, at #1). On or about July 2, 2007, this Court

10   sent notice to counsel advising of the requirement to associate local counsel in this district and

11   to make application to appear *pro hac vice*. (Docket, at #2). No application to appear *pro hac*

12   *vice* has been made.

13   On July 16, 2007, plaintiff filed a Voluntary Notice of Dismissal Without Prejudice,

14   and asked the court to enter an order dismissing plaintiff's action without prejudice. (Docket,

15   at #3). This pleading was improperly filed in violation on GR 2, CR 10 and Fed. R. Civ. P. 11.

16   As such, it is invalid and should be stricken. To date, an order dismissing this case has not

17   been entered. Accordingly, this matter is still pending in this Court.

18   Upon information and belief, on or about July 16, 2007, plaintiff filed an identical

19   action in the United States District Court for the District of New Jersey (Trenton) bearing cause

20   number C07-3285 (JAP), notwithstanding that plaintiff had represented to the Court in the

21   Western District of Washington action that she "no longer seeks to prosecute her individual

22   claims against Defendant Merck & Co., Inc." (Docket, at #3). Plaintiff seeks to file the same

23   lawsuit in New Jersey, and in doing so, is engaging in forum shopping to gain a tactical

24   advantage.

25

DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S VOLUNTARY NOTICE OF DISMISSAL WITHOUT
PREJUDICE, OR IN THE ALTERNATIVE, MOTION TO VACATE
DISMISSAL- 2
(C07-5314 FDB)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078416.1

B.    An MDL Has Been Established Under 28 U.S. § 1407 For All FOSAMAX Product Liability Actions.

On or about August 16, 2006, a multidistrict ("MDL") proceeding entitled *In re Fosamax Products Liability Litigation* (MDL-1789) was established in the United States District Court for the Southern District of New York to coordinate all federal FOSAMAX product liability cases. On or about July 5, 2007, Merck provided notice to the Judicial Panel on Multidistrict Litigation (the "Panel") of the pendency of this related or "tag-along" action pursuant to Rule 7.5 of the Panel's Rules of Procedure. (Exhibit A). On July 23, 2007, the Panel issued conditional transfer order ("CTO") 29 as to this action. (Exhibit B). Plaintiff has not opposed CTO 29.[2] This Court retains jurisdiction over this matter until the CTO is filed in the office of the clerk of the district court of the transferee district. J.P.M.L. R.P. 1.5. Because plaintiff has not opposed the transfer, the case will likely be transferred to MDL 1789.

Therefore, Merck asks that an order dismissing this case not be entered and allow the case to be transferred to MDL 1789.

RESPECTFULLY SUBMITTED this 31st day of July, 2007.

s/Douglas A. Hofmann, WSBA #06393
Arissa M. Peterson, WSBA #31875
Attorneys for Defendant Merck & Co., Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:   dhofmann@williamskastner.com
            apeterson@williamskastner.com

---

[2] The CTO does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of the order to said Clerk is stayed 15 days from entry thereof to allow any party to file a notice of opposition.

DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S VOLUNTARY NOTICE OF DISMISSAL WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, MOTION TO VACATE DISMISSAL- 3
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078416.1

1

<u>CERTIFICATE OF SERVICE</u>

2

    I hereby certify that on July 31, 2007, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system and I hereby certify that I have mailed by Overnight

4

Mail the document to the following non CM/ECF participants:

5

| COUNSEL FOR PLAINTIFF: | COUNSEL FOR PLAINTIFF: |
|---|---|
| Linda Laurent Thomas | Joseph V. Gibson |
| Michelle W. Wan | LAW OFFICE OF JOSEPH V. |
| THOMAS & WAN LLP | GIBSON, P.C. |
| 909B West Main | 2900 Weslayan, Suite 580 |
| Houston, TX 77006 | Houston, TX 77027 |

6

7

8

9

    DATED this 31st day of July, 2007.

10

11

                    <u>s/Douglas A. Hofmann, WSBA #06393</u>

12

                    Arissa M. Peterson, WSBA #31875
                    Attorneys for Defendant Merck & Co., Inc.
                    WILLIAMS, KASTNER & GIBBS PLLC

13

                    601 Union Street, Suite 4100
                    Seattle, WA  98101-2380

14

                    Telephone:  (206) 628-6600
                    Fax:  (206) 628-6611

15

                    Email:  dhofmann@williamskastner.com
                                apeterson@williamskastner.com

16

17

18

19

20

21

22

23

24

25

DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S VOLUNTARY NOTICE OF DISMISSAL WITHOUT
PREJUDICE, OR IN THE ALTERNATIVE, MOTION TO VACATE
DISMISSAL- 4
(C07-5314 FDB)

                        **Williams, Kastner & Gibbs PLLC**
                        601 Union Street, Suite 4100
                        Seattle, Washington 98101-2380
                        (206) 628-6600

2078416.1

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

July 5, 2007

FEDERAL EXPRESS

Jeffrey N. Lüthi, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washington, D.C. 20002-8004

>          Re:    In re: Fosamax Products Liability Litigation, MDL Docket
>                 No. 1789

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions". This letter is Merck's 41st notification of potential "tag-along actions" and includes cases that have recently been filed in federal court. Courtesy copies of the complaint and docket sheet for each case are enclosed.

1. *Evans, et al. v. Merck & Co., Inc., et al.,* C.A. No. 2:07-cv-04136-GW-PLA (C.D. Cal.)

2. *Goss, et al. v. Merck & Co., Inc., et al.,* C.A. No. 2:07-cv-04172-GHK-PJW (C.D. Cal.)

3. *Unruh v. Merck & Co., Inc.,* C.A. No. 3:07-cv-05314-FDB (W.D. Wash.)

Respectfully Submitted,

Sarah A. Binder

Enclosures

New York  ■  Washington, D.C.  ■  Los Angeles  ■  Miami  ■  Jersey City  ■  Paris  ■  Tokyo

MERCK & CO., INC.'S OPPOSITION TO VOLUNTARY NOTICE – EXHIBIT A
[C07-5314 FDB] page 5 of 11

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

July 23, 2007

**Received**

**JUL 2 5 2007**

**Venable-Towson**

TO INVOLVED COUNSEL

Re: MDL-1789 -- IN RE Fosamax Products Liability Litigation

(See Attached CTO-29)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**  **_August 7, 2007_**  (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Thomas Lettmore_
Deputy Clerk

Attachments

JPML Form 39

MERCK & CO., INC.'S OPPOSITION TO VOLUNTARY NOTICE – EXHIBIT B
[C07-5314 FDB] page 6 of 11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JUL 2 3 2007**

FILED
CLERK'S OFFICE

## MDL NO. 1789

# UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE Fosamax Products Liability Litigation

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-29)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 63 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

## SCHEDULE CTO-29 - TAG-ALONG ACTIONS
## MDL NO. 1789
### IN RE Fosamax Products Liability Litigation

| DIST. DIV. C.A.# | CASE CAPTION |
|---|---|
| **CALIFORNIA CENTRAL** | |
| CAC 2 07-4136 | Rose A. Evans, et al. v. Merck & Co., Inc., et al. |
| CAC 2 07-4172 | Marion Goss, et al. v. Merck & Co., Inc., et al. |
| | |
| **FLORIDA NORTHERN** | |
| FLN 3 07-233 | Betty B. Mahanay, et al. v. Merck & Co., Inc. |
| FLN 3 07-234 | Betty Hamm v. Merck & Co., Inc. |
| | |
| **KENTUCKY WESTERN** | |
| KYW 3 07-320 | Marilyn Hill v. Merck & Co., Inc. |
| | |
| **WASHINGTON WESTERN** | |
| WAW 3 07-5314 | Susan A. Unruh v. Merck & Co., Inc. |

**INVOLVED COUNSEL LIST (CTO-29)**
**MDL NO. 1789**
**IN RE Fosamax Products Liability Litigation**

John A. Bahe, Jr.
Bahe, Cook, Cantley & Jones, PLC
239 South Fifth Street
700 Kentucky Home Life Building
Louisville, KY 40202

Anthony G. Brazil
Morris, Polich & Purdy, LLP
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017-2503

Robert F. Clarke
Phillips & Associates
3030 North Third Street
Suite 1100
Phoenix, AZ 85012

Douglas C. Emhoff
Venable, LLP
2049 Century Park East
21st Floor
Los Angeles, CA 90067

Joseph V. Gibson, IV
Law Office of Joseph V. Gibson, PC
2900 Weslayan
Suite 580
Houston, TX 77027

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Katharine R. Latimer
Spriggs & Hollingsworth
1350 I Street, N.W.
9th Floor
Washington, DC 20005

Timothy M. O'Brien
Levin Papantonio Thomas, et al.
316 S. Baylen Street
Suite 600
Pensacola, FL 32501

Christopher A. Seeger
Seeger Weiss
One William Street
10th Floor
New York, NY 10004-2502

Linda Laurent Thomas
Thomas & Wan, LLP
909B West Main
Houston, TX 77006

Terry O. Tottenham
Fulbright & Jaworski, L.L.P.
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.