The Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN A. UNRUH,<br><br>       Plaintiff,<br><br>   v.<br><br>MERCK & CO., INC.<br>a New Jersey corporation,<br><br>       Defendant. | NO. C07-5314 FDB<br><br>ANSWER OF DEFENDANT MERCK & CO., INC.<br><br>**JURY DEMAND** |

Defendant, Merck Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint and submits its Jury Demand herein. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

## I. JURISDICTION AND VENUE

1. The allegations of the first sentence of Paragraph 1 are conclusions of law to which no response is required. To the extent that a response is required, Merck denies each and every allegation of the first sentence of Paragraph 1. As to the allegations of the second sentence of Paragraph 1, Merck is without knowledge or information sufficient to form a belief as to these allegations, except that Merck admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. As to the

ANSWER OF DEFENDANT MERCK & CO., INC.- 1
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

1  allegations in the third sentence of Paragraph 1, Merck admits for jurisdictional purposes only,
2  that Plaintiff seeks in excess of $75,000.

3      2.    The allegations of Paragraph 2 are conclusions of law to which no response is
4  required. To the extent a response is required, Merck denies the allegations of Paragraph 2,
5  except admits that Merck is authorized to do business in, among other states, Washington.

## II. PARTIES

7      3.    Merck is without knowledge or information sufficient to form a belief as to the
8  allegations of Paragraph 3.

9      4.    Merck admits the allegations of Paragraph 4.

10      5.    Merck admits that it is authorized to do business in the State of Washington.

11      6.    Merck denies the allegations of Paragraph 6 as Merck is without knowledge as
12  to what is meant by the phrase "regularly transacted," but admits that Merck is authorized to do
13  business in the State of Washington.

14      7.    Merck denies each and every allegation of Paragraph 7, except that it admits
15  that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in
16  accordance with its approved prescribing information. Merck denies any allegations in
17  Paragraph 7 inconsistent with that prescribing information and respectfully refers the Court to
18  the Physician's Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

19      8.    Merck admits only that it distributed FOSAMAX® for prescription in
20  accordance with its approved prescribing information and denies any allegations in Paragraph 8
21  inconsistent with that prescribing information. Merck respectfully refers the Court to the PDR
22  for FOSAMAX® for its actual language and full text. Except as expressly admitted herein,
23  Merck denies the remaining allegations of Paragraph 8.

24      9.    Merck is without knowledge as to what is meant by the phrase "substantial
25  revenue," so the allegations in Paragraph 9 are denied.

ANSWER OF DEFENDANT MERCK & CO., INC.- 2
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

10. Merck is without knowledge as to what is meant by "consequences," so the allegations in Paragraph 10 are denied.

11. Merck admits only that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 11 inconsistent with that prescribing information. Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 11.

### III. SUMMARY OF THE CASE

12. Merck denies each and every allegation of Paragraph 12, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

13. Merck denies each and every allegation of Paragraph 13.

14. Merck denies each and every allegation of Paragraph 14.

15. Merck denies each and every allegation of Paragraph 15.

16. Merck denies each and every allegation of Paragraph 16.

### IV. FACTUAL BACKGROUND

17. Merck denies each and every allegation of Paragraph 17, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

18. Merck denies each and every allegation of Paragraph 18, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 18 inconsistent with that prescribing information.

19. Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies

ANSWER OF DEFENDANT MERCK & CO., INC.- 3
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

1 any allegations in Paragraph 19 inconsistent with that prescribing information. Merck also refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 19 with respect to Aredia and Zometa inconsistent with that prescribing information.

20. Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 20 inconsistent with that prescribing information. Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text. Merck also refers the Court to the prescribing information for Aredia, Bondronat, Didronel, Bonefos, Loron, and Skelid, and denies any allegations in Paragraph 20 with respect to Aredia, Bondronat, Didronel, Bonefos, Loron, and Skelid inconsistent with that prescribing information. Merck denies the remaining allegations of Paragraph 20.

21. Merck denies each and every allegation of Paragraph 21.

22. Merck denies each and every allegation of Paragraph 22.

23. Merck denies each and every allegation of Paragraph 23.

24. Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

25. Merck denies each and every allegation of Paragraph 25.

26. Merck denies each and every allegation of Paragraph 26.

27. Merck denies each and every allegation of Paragraph 27.

28. Merck denies each and every allegation of Paragraph 28.

29. Merck denies each and every allegation of Paragraph 29, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

ANSWER OF DEFENDANT MERCK & CO., INC.- 4
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

1   30.  Merck denies each and every allegation of Paragraph 30.

2   31.  Merck denies each and every allegation of Paragraph 31.

3   32.  Merck denies each and every allegation of Paragraph 32.

4   33.  Merck denies each and every allegation of Paragraph 33, except that Merck
5   admits that Fosamax product sales in 2005 amounted to approximately $3.19 billion.

6   34.  Merck is without knowledge as to whether Plaintiff used FOSAMAX®.  Merck
7   denies the remaining allegations in Paragraph 34.

8   35.  Merck denies each and every allegation of Paragraph 35.

9   36.  Merck is without knowledge as to whether Plaintiff was prescribed and/or
10  ingested FOSAMAX®.  Merck denies the remaining allegations in Paragraph 36.

11  37.  Merck denies each and every allegation of Paragraph 37.

12  38.  Merck is without knowledge or information sufficient to form a belief as to the
13  allegations of Paragraph 38.

14  39.  Merck is without knowledge or information sufficient to form a belief as to the
15  allegations of Paragraph 39.

16  40.  Merck denies each and every allegation of Paragraph 40.

17  41.  Merck denies each and every allegation of Paragraph 41.

18  42.  Merck is without knowledge or information sufficient to form a belief as to the
19  allegations of Paragraph 42.

20  43.  Merck denies each and every allegation of Paragraph 43.

21  44.  Merck denies each and every allegation of Paragraph 44.

22  45.  Merck denies each and every allegation of Paragraph 45.

23                               **COUNTS**

24                        **COUNT I:  NEGLIGENCE**

25

ANSWER OF DEFENDANT MERCK & CO., INC.- 5
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

1   46.  Merck repleads its answers to Paragraphs 1 through and including 45, and by
2   this reference hereby incorporates the same herein in this paragraph, and makes the same a part
3   hereof as though fully set forth *verbatim*.

4   47.  The allegations in Paragraph 47 are conclusions of law to which no response is
5   required; to the extent that a response is deemed necessary, the allegations are denied and
6   Merck respectfully refers the Court to the relevant legal standard, including any conflict of law
7   rules.

8   48.  Merck denies each and every allegation of Paragraph 48, including each and
9   every allegation contained in subparts (a) through (f).

10  49.  Merck denies each and every allegation of Paragraph 49.

11  50.  Merck denies each and every allegation of Paragraph 50.

12  **COUNT II:  STRICT LIABILITY**

13  51.  Merck repleads its answers to Paragraphs 1 through and including 50, and by
14  this reference hereby incorporates the same herein in this paragraph, and makes the same a part
15  hereof as though fully set forth *verbatim*.

16  52.  Merck denies each and every allegation of Paragraph 52, except that it admits
17  that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for
18  prescription in accordance with its approved prescribing information.

19  53.  Merck denies each and every allegation of Paragraph 53, except that it admits
20  that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for
21  prescription in accordance with its approved prescribing information and states that it is
22  without knowledge as to the condition of the FOSAMAX® Plaintiff alleges he consumed.

23  54.  Merck is without knowledge or information sufficient to form a belief as to the
24  allegations of Paragraph 54.

25  55.  Merck denies each and every allegation of Paragraph 55.

ANSWER OF DEFENDANT MERCK & CO., INC.- 6
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

1  56. Merck denies each and every allegation of Paragraph 56.

2  57. Merck denies each and every allegation of Paragraph 57.

3  58. Merck denies each and every allegation of Paragraph 58.

4  59. Merck denies each and every allegation of Paragraph 59.

5  60. Merck denies each and every allegation of Paragraph 60.

6  61. Merck denies each and every allegation of Paragraph 61.

7  62. Merck denies each and every allegation of Paragraph 62.

8  **COUNT III:  BREACH OF EXPRESS WARRANTY**

9  63. Merck repleads its answers to Paragraphs 1 through and including 62, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

12  64. Merck denies each and every allegation of Paragraph 64, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

16  65. Merck denies each and every allegation of Paragraph 65.

17  66. Merck denies each and every allegation of Paragraph 66.

18  67. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67.

20  68. Merck denies each and every allegation of Paragraph 68.

21  69. Merck denies each and every allegation of Paragraph 69.

ANSWER OF DEFENDANT MERCK & CO., INC.- 7
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

### COUNT IV:  BREACH OF IMPLIED WARRANTY

70.  Merck repleads its answers to Paragraphs 1 through and including 69, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

71.  Merck denies each and every allegation of Paragraph 71, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

72.  Merck denies each and every allegation of Paragraph 72, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

73.  Merck denies each and every allegation of Paragraph 73.

74.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74.

75.  Merck denies each and every allegation of Paragraph 75.

76.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77.

78.  Merck denies each and every allegation of Paragraph 78.

79.  Merck denies each and every allegation of Paragraph 79.

### COUNT V:  FRAUDULENT MISREPRESENTATION

80.  Merck repleads its answers to Paragraphs 1 through and including 79, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

ANSWER OF DEFENDANT MERCK & CO., INC.- 8
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

81. Merck denies each and every allegation of Paragraph 81, including each and every allegation contained in subparts (a) through (b).

82. Merck denies each and every allegation of Paragraph 82.

83. Merck denies each and every allegation of Paragraph 83.

84. Merck denies each and every allegation of Paragraph 84.

85. Merck denies each and every allegation of Paragraph 85.

86. Merck denies each and every allegation of Paragraph 86.

87. Merck denies each and every allegation of Paragraph 87.

88. Merck denies each and every allegation of Paragraph 88.

## COUNT VI: FRAUDULENT CONCEALMENT

89. Merck repleads its answers to Paragraphs 1 through and including 88, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

90. Merck denies each and every allegation of Paragraph 90, including each and every allegation contained in subparts (a) through (b).

91. Merck denies each and every allegation of Paragraph 91.

92. Merck denies each and every allegation of Paragraph 92.

93. Merck denies each and every allegation of Paragraph 93.

94. Merck denies each and every allegation of Paragraph 94.

95. Merck denies each and every allegation of Paragraph 95.

96. Merck denies each and every allegation of Paragraph 96.

## COUNT VII: EQUITABLE RELIEF

## MEDICAL MONITORING PROGRAM AND PROPER LABELING

ANSWER OF DEFENDANT MERCK & CO., INC.- 9
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

97.     Merck repleads its answers to Paragraphs 1 through and including 96, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

98.     Merck denies each and every allegation of Paragraph 98.

99.     Merck denies each and every allegation of Paragraph 99.

100.    Merck denies each and every allegation of Paragraph 100.

101.    Merck denies each and every allegation of Paragraph 101.

102.    Merck denies each and every allegation of Paragraph 102 and denies that Plaintiff is entitled to any of the relief requested.

## COUNT VIII:  PUNITIVE DAMAGES

103.    Merck repleads its answers to Paragraphs 1 through and including 102, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

104.    Merck denies each and every allegation of Paragraph 104.

105.    Merck denies each and every allegation of Paragraph 105, except that it admits that Merck scientists participated in the VIGOR study involving Vioxx®, published in the New England Journal of Medicine, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

106.    Merck denies each and every allegation of Paragraph 106, except that it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

107.    Merck denies each and every allegation of Paragraph 107.

108.    Merck denies each and every allegation of Paragraph 108, except that it admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk

ANSWER OF DEFENDANT MERCK & CO., INC.- 10
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

Management and respectfully refers the Court to that press release for its actual language and full text.

109.    Merck denies each and every allegation of Paragraph 109, except that it admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text. Merck further admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

110.    Merck denies each and every allegation of Paragraph 110.

111.    Merck denies each and every allegation of Paragraph 111.

Merck denies that Plaintiff is entitled to any of the relief requested in his Wherefore clause.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

ANSWER OF DEFENDANT MERCK & CO., INC.- 11
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations, statute of repose, or is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of res judicata, estoppel, waiver, laches or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

ANSWER OF DEFENDANT MERCK & CO., INC.- 12
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

**EIGHTH AFFIRMATIVE DEFENSE**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**TENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

ANSWER OF DEFENDANT MERCK & CO., INC.- 13
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission meets the standard for awarding punitive damages under the applicable law and, therefore, any award of punitive damages is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

ANSWER OF DEFENDANT MERCK & CO., INC.- 14
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

ANSWER OF DEFENDANT MERCK & CO., INC.- 15
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Washington Constitutions.

**THIRTIETH AFFIRMATIVE DEFENSE**

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific

ANSWER OF DEFENDANT MERCK & CO., INC.- 16
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

ANSWER OF DEFENDANT MERCK & CO., INC.- 17
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

**FORTIETH AFFIRMATIVE DEFENSE**

Merck is entitled to a set-off or reduction in any damages which may be awarded to the Plaintiffs for any amounts or benefits received from collateral sources.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the First Amendment.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined in the WPLA. With respect to every cause of action, Merck asserts all defenses under RCW 7.72, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed or have been subsumed by the WPLA.

ANSWER OF DEFENDANT MERCK & CO., INC.- 18
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

## FORTY-SIXTH AFFIRMATIVE DEFENSE

In answering this Complaint, Merck does not assume any burden of proof attributable to plaintiffs as to any matter at issue in this litigation.

## MERCK'S JURY DEMAND

Pursuant to Civil Rule 38, Merck hereby requests a trial by jury.

In so much as the complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck attorney's fees, and such other and further relief that the Court may deem just and proper.

DATED this 1st day of August, 2007.

> s/Douglas A. Hofmann, WSBA #06393
> Arissa M. Peterson, WSBA #31875
> Attorneys for Defendant Merck & Co., Inc.
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA  98101-2380
> Telephone: (206) 628-6600
> Fax: (206) 628-6611
> Email:  dhofmann@williamskastner.com
>              apeterson@williamskastner.com

ANSWER OF DEFENDANT MERCK & CO., INC.- 19
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by facsimile and U.S. Mail the document to the following non CM/ECF participants:

| COUNSEL FOR PLAINTIFF: | COUNSEL FOR PLAINTIFF: |
|---|---|
| Linda Laurent Thomas<br>Michelle W. Wan<br>THOMAS & WAN LLP<br>909B West Main<br>Houston, TX 77006 | Joseph V. Gibson<br>LAW OFFICE OF JOSEPH V. GIBSON, P.C.<br>2900 Weslayan, Suite 580<br>Houston, TX 77027 |

DATED this 1st day of August, 2007.

<u>s/Douglas A. Hofmann</u>, WSBA #06393
Arissa M. Peterson, WSBA #31875
Attorneys for Defendant Merck & Co., Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  dhofmann@williamskastner.com
          apeterson@williamskastner.com

ANSWER OF DEFENDANT MERCK & CO., INC.- 20
(C07-5314 FDB)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2078330.2